**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


                                  :
LUIS ANGEL TORRES                 :
ECHEVARRIA,                       :   Civil No. 09-1305 (AET)
                                  :
          Petitioner,             :
                                  :
     v.                           :   OPINION
                                  :
ATTORNEY GENERAL OF THE           :
STATE OF NEW JERSEY,              :
                                  :
          Respondent.             :
                                  :
```

**APPEARANCES:**

    LUIS ANGEL TORRES ECHEVARRIA, Petitioner pro se
    # 292739
    South Woods State Prison
    215 Burlington Road South, CN 6000
    Bridgeton, New Jersey 08302

**THOMPSON, District Judge**

    This matter is before the Court on the petition of Luis Angel Torres Echevarria ("Echevarria") for habeas corpus relief under 28 U.S.C. § 2254, challenging his New Jersey state court conviction.[1]  For the reasons set forth below, the Court will

---

[1] This Court notes that petitioner did not pay the $5.00 filing fee, or submit an application to proceed in forma pauperis. More significantly, petitioner did not sign the petition, or set forth any grounds for habeas relief as required under Rule 2(c)(1), (2) and (5) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). It appears the petition may have been submitted by petitioner's mother, Maria Consuelo Echevarria Garcia, who actually signed the petition.

dismiss this petition for lack of subject matter jurisdiction because it is a second or successive habeas petition. See 28 U.S.C. § 2244(b).

## I. BACKGROUND

In the habeas petition submitted, Echevarria admits that he sought habeas review of his conviction in an earlier action in the United States District Court for the District of New Jersey, Echevarri v. MacFarland, Civil No. 05-899 (SRC). In an Opinion and Order entered on December 14, 2005, the Honorable Stanley R. Chesler denied all asserted claims for habeas relief for lack of substantive merit. See Echevarri v. MacFarland, Civil No. 05-899 (SRC)(Docket Entry Nos. 7 and 8). On May 29, 2007, Echevarria filed a motion in Civil No. 05-899 (SRC), to file a notice of appeal nunc pro tunc. This motion was denied by Order dated August 9, 2007. See Echevarri v. MacFarland, Civil No. 05-899 (SRC)(Docket Entry Nos. 11 and 12, respectively). No further action was taken by petitioner in his earlier habeas case.

Thereafter, Echevarria filed this second action on or about March 16, 2009, challenging the very same conviction. He does not set forth any grounds for habeas relief in the instant petition, but he does refer to his first habeas petition. Echevarria also does not state whether he first sought permission from the United States Court of Appeals for the Third Circuit to

file a second or successive habeas petition, which he otherwise would be required to do under 28 U.S.C. § 2244(b)(3)(A).

## II.  ANALYSIS

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Petitioner's Claims for Habeas Relief

Here, Echevarria does not assert any specific grounds for habeas relief from his New Jersey state court conviction, although his mother submits a handwritten statement claiming that

her son is innocent and that the video used at trial would prove his innocence. It is not entirely clear whether these allegations concerning the video were raised by Echevarria in his first federal habeas petition under 28 U.S.C. § 2254.

Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive application under section 2254 that was presented in a prior application shall be dismissed."

Under 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in an earlier § 2254 petition must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2)(A), (B).

Moreover, the district court lacks jurisdiction to review a second or successive habeas petition under § 2254 unless the appropriate court of appeals has issued an order authorizing the district court to consider the application. 28 U.S.C. § 2244(B)(3)(A).

Consequently, because Echevarria has filed a prior § 2254 habeas petition, he cannot proceed with this second or successive

§ 2254 habeas petition in this District Court, pursuant to 28 U.S.C. §§ 2244(b)((1) and (2), and his petition should be dismissed for want of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Thus, a second or successive § 2254 petition in this instance may be brought in the district of conviction only if the applicable Court of Appeals, *i.e.*, the United States Court of Appeals for the Third Circuit, has authorized such filing. 28 U.S.C. § 2244(b)(3)(A).

Here, under the circumstance presented, where Echevarria has failed to allege any of the factors under 28 U.S.C. § 2244(b)(2)(A), (B), and cannot demonstrate that the issues he raises here were not earlier presented in his first habeas petition, this Court finds that it is not in the interest of justice to transfer this matter to the Third Circuit for determination as to whether the second or successive petition satisfies the requirements under 28 U.S.C. § 2244(b)(2). Therefore, the petition will be dismissed for lack of jurisdiction.

III. <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to petitioner bringing an application before the United States Court of Appeals for the Third Circuit for leave to file a second or successive § 2554 habeas petition, pursuant to 28 U.S.C. § 2244(b)(3).  An appropriate order follows.


                                    s/ Anne E. Thompson
                                   ANNE E. THOMPSON
                                   United States District Judge

Dated: April 3, 2009